Filed 9/9/25  P. v. Montalvan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DAVID MONTALVAN, Defendant and Appellant. | D084205 (Super. Ct. No. SCD302809) |

APPEAL from a judgment of the Superior Court of San Diego County, Rachel Cano, Judge.  Affirmed.

Jennifer M. French, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant David Montalvan appeals a judgment after he pleaded guilty to one count of receiving stolen property (Pen. Code,[1] § 496, subd. (a)).  At his sentencing hearing, the trial court granted him probation subject to

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

1

several conditions, including a condition that prohibited him from "unlawfully us[ing] force, threats, or violence on another person."

His appointed counsel filed a brief pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which raised no arguable issues but asked us to independently review the record for reversible error. We granted Montalvan an opportunity to file a supplemental brief on his own behalf, but he did not do so. After independently reviewing the entire record (*People v. Kelly* (2006) 40 Cal.4th 106, 119), we find no arguable appellate issues and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A complaint charged Montalvan with one count of receiving stolen property (§ 496, subd. (a), count 1) and one count of possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a), count 2). In April 2024, he entered into a plea agreement pursuant to which he pleaded guilty to count 1 and, in so doing, admitted that he had unlawfully received and sold the victim's property in an amount that exceeded $950. After advising Montalvan of his rights, the trial court accepted his guilty plea.

At Montalvan's May 30, 2024 sentencing hearing, the trial court considered the probation report and supplemental probation report, which described Montalvan's eight-year history of various drug and other offenses and his prior noncompliance with probation conditions. His prior offenses included a misdemeanor conviction for carrying a loaded firearm in public. The supplemental probation report nevertheless recommended that Montalvan be granted formal probation, subject to certain conditions, pursuant to the agreement with the prosecution. The court issued an order suspending imposition of Montalvan's sentence and granting him two years of formal probation, subject to conditions, including requirements that he

2

"[o]bey all laws [condition 6(a)]" and "[d]o[es] not unlawfully use force, threats, or violence on another person [condition 10(a)]." Montalvan timely filed a notice of appeal challenging the judgment.[2]

## DISCUSSION

Appointed counsel filed a brief summarizing the factual record and proceedings in the trial court. She presents no argument for reversal, but asks us to independently review the entire record for reversible error in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738. In her brief, counsel identified the following issues that might arguably support the appeal: (1) did Montalvan waive his right to appeal the conditions of his probation; and (2) did the trial court abuse its discretion when it imposed probation condition 10(a), which states: "Do not unlawfully use force, threats, or violence on another person."

Our review of the entire record pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, including the issues identified by appellate counsel, has disclosed no reasonably arguable appellate issue. We briefly discuss the two possible issues identified by counsel.

First, his counsel suggests we consider whether Montalvan waived his right to appeal the conditions of his probation. In his written plea form, Montalvan stated that he understood he could receive a sentence of up to three years in prison and, if not sentenced to prison, he could be granted probation for a period of up to five years subject to "conditions [of probation]

---

[2] On November 19, 2024, the trial court issued an ex parte order amending its May 30 written order to delete the probation condition that Montalvan "[t]ake psychotropic medications if prescribed/ordered by doctor [condition 7(a)]," which condition the court had deleted at the May 30 sentencing hearing.

3

deemed reasonable by the Court." He waived, among other things, his "right to appeal . . . any sentence stipulated herein."

California Rules of Court, rule 8.304(b)(2) provides in part: "No certificate of probable cause is required for an appeal based on or from . . . (B) [t]he sentence or other *matters occurring after the plea* or admission that do not affect the validity of the plea or admission . . . ." (Italics added.) In *People v. Patton* (2019) 41 Cal.App.5th 934, in deciding whether the appellant was required to obtain a certificate of probable cause, we concluded that the waiver language in the appellant's plea form (which is identical to the language in Montalvan's plea form) "appl[ied] to the specifics of the stipulated sentence *specified in* [the appellant's] *plea agreement*." (*Id.* at pp. 942-943.) Therefore, we concluded that "the scope of the waiver is limited; it did *not* encompass provisions (such as particular conditions of probation) that were yet to be determined in future proceedings [e.g., at sentencing]." (*Id.* at p. 943.) Here, because Montalvan's plea form did not set forth any *specific* conditions of probation, we conclude that he did not waive his right to appeal any or all of the conditions of probation that were imposed by the trial court after he entered his guilty plea (i.e., at his sentencing).

Second, his counsel suggests we consider whether the trial court abused its discretion by imposing probation condition 10(a), which states: "Do not unlawfully use force, threats, or violence on another person." "The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) This discretion includes the ability to "impose conditions to foster rehabilitation and to protect public safety . . . ." (*Id.* at pp. 1120-1121.) On appeal, we review conditions of probation for

abuse of the court's broad discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

In *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), the court set forth the following three-prong test for determining the reasonableness of probation conditions: "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*Id.* at p. 486.) Importantly, the court further stated: "Conversely, a *condition of probation which* requires or *forbids conduct which is not itself criminal is valid if that conduct is reasonably related* to the crime of which the defendant was convicted or *to future criminality*." (*Ibid.*, italics added.)

Here, probation condition 10(a) prohibited Montalvan from "*unlawfully* us[ing] force, threats, or violence on another person." (Italics added.) Therefore, that condition of probation simply required him to comply with laws that prohibit the use of force, threats, or violence on other persons. As such, probation condition 10(a) prohibited conduct "which is . . . itself criminal" *and* which "is reasonably related . . . to future criminality." (*Lent, supra*, 15 Cal.3d at p. 486.) Because the trial court here could reasonably find that probation condition 10(a) did not meet the third prong of *Lent*'s three-prong test for invalid probation conditions, we conclude that it did not abuse its discretion by imposing that condition.

In sum, our review of the entire record pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, including the issues identified by appellate counsel, has disclosed no reasonably arguable appellate issue. Montalvan has been adequately represented by counsel in this appeal.

5

## DISPOSITION

The judgment is affirmed.

DATO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

CASTILLO, J.

6